for my disagreement is that I cannot see how this evidence of bad faith on the part of the insurance company lawyer can be considered insufficient to make a case for the jury.

This record establishes for me a, rather convincing case of bad faith; at the very least I think a jury of 12 ordinary men, with a common-sense understanding of such matters, could reasonably conclude that the insurance company's conduct in this case amounted to conscious wrongdoing. By ordering summary judgment for the defendant, the courts below simply imposed their own notions as to the most plausible inference to be drawn from this record, thereby denying the petitioners their constitutionally protected right to have their case decided by 12 ordinary citizens.

No. 602. JONES, TUTRIX *v.* AETNA CASUALTY & SURETY Co. Sup. Ct. La. Motions of Louisiana Trial Lawyers Association and American Trial Lawyers Association for leave to file briefs, as *amici curiae,* in support of the petition granted. Certiorari denied. *Samuel C. Gainsburgh* for petitioner. *Richard H. Switzer* for respondent. *Raymond H. Kierr* for Louisiana Trial Lawyers Association, and *Samuel Langerman* for American Trial Lawyers Association on the motions.

No. 18, Misc. GRANT *v.* NEW YORK. C. A. 2d Cir. Certiorari denied. *Louis J. Lefkowitz,* Attorney General of New York, *Samuel A. Hirshowitz,* First Assistant Attorney General, and *Brenda Soloff,* Assistant Attorney General, for respondent.

No. 656. GATES *v.* FLORIDA. Dist. Ct. App. Fla., 4th Dist. Motion for leave to dispense with printing petition granted. Certiorari denied.