416 A.2d 474

**Felix ABRAMOVICH, Individually and t/a Abrams Storage Company, Appellant,**

**v.**

**PENNSYLVANIA LIQUOR CONTROL BOARD and W. W. Anderson, Deputy Attorney General of the Commonwealth of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued May 19, 1980.

Decided July 3, 1980.

Robert G. Sable, Pittsburgh, for appellant.

Kenneth Makowski, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

We are asked to decide whether, in a Pennsylvania Liquor Control Board statutory proceeding, an individual who acted as legal counsel to the PLCB may also act as arbitrator. We conclude that the individual so acting may not arbitrate the dispute. Thus we reverse the Commonwealth Court order affirming the arbitration award.

Appellee Pennsylvania Liquor Control Board contracted with appellant Felix Abramovich for the distribution of liquor and supplies in the northwestern region of the Commonwealth. Shortly after the contract was executed, appellant experienced a labor dispute which threatened his ability to perform under the contract. Appellant settled the dispute, but incurred additional labor expenses as a result. Pursuant to paragraph 42 of the contract, appellant sought an adjustment for the increased labor costs.[1] The PLCB denied appellant's request.

---

1. Paragraph 42 of the contract states:
 "42. *Reason for Adjustment*—If during the term of this agreement there should be a mandatory requirement for the Warehouseman to change the rate of payment to labor, either as wages or for

As required under paragraph 41 of the contract, appellant requested a hearing before the Attorney General.[2] The Attorney General appointed appellee, Deputy Attorney General W. W. Anderson, to act as the sole arbitrator of the dispute. Appellant did not know that Anderson was the Deputy Attorney General assigned to the PLCB.

Pursuant to his representation of the Board, Anderson consulted with members of the Board as their legal counsel. Anderson wrote opinions of the Attorney General on issues involving the PLCB. On behalf of the PLCB, Anderson reviewed all contracts exceeding $500,000, like the contract involved here. Finally, Anderson's representation of the Board required him to review and to approve contract language identical to that presently placed in controversy by appellant.

 While this arbitration proceeding was pending, Anderson met with the Board's counsel assigned to this case and also met with various employees of the Board. At those meetings Anderson discussed both the possibility of settling this controversy and the financial status of appellant's business. Prior to the arbitration hearing, Anderson failed to disclose this past and continuing relationship with the Board because he "did not consider it to be an issue." Once

Welfare, Health or Pension benefits for labor, and such change shall directly affect the storage, handling and/or transportation services insofar as the same affect warehousing operations embodied in this Agreement, then the basic rates heretofore established shall be adjusted proportionately and in accordance with the change in labor rates, providing, however, that such authorized changes in the rate of payment to labor are specifically applicable to the services performed by the Warehouseman."

2. Paragraph 41 provides the procedure for dispute resolution:
 "41. *Disputes*—Any dispute or controversy arising under this contract that is not disposed of by the parties within fifteen (15) days shall be referred to the Commonwealth Attorney General who shall, after hearing, make an adjudication within fifteen (15) days. Any court review of such adjudication shall be in appellate review, based on the record limited to pleadings, exhibits and testimony produced and considered before the Commonwealth Attorney General."

informed of Anderson's involvement with the PLCB, appellant challenged Anderson's appointment as hearing officer.[3]

On May 6, 1978, after the arbitration hearing, Anderson denied appellant's claims and entered an award in favor of the PLCB. Appellant's petition for reconsideration was denied and appellant petitioned for review in the Commonwealth Court. That court declined jurisdiction and transferred the case to the Court of Common Pleas of Dauphin County. See Act of April 25, 1927, P.L. 381, as amended, 5 P.S. § 161 et seq. The common pleas court denied appellant's petition for review. An appeal improperly taken to the Superior Court was transferred to the Commonwealth Court. After argument a three judge panel affirmed, without opinion, the trial court's denial of relief. We granted allowance of appeal.

■■■ In an arbitration proceeding a party is entitled to a "full and fair" hearing. *Smaligo v. Fireman's Fire Insurance Co.*, 432 Pa. 133, 247 A.2d 577 (1968). As this Court has previously held, procedural due process requires that a fair hearing be conducted by one not involved with a party to the proceeding. See *Dussia v. Barger*, 466 Pa. 152, 351 A.2d 667 (1976) (unconstitutional commingling of investigative and adjudicative functions where Commissioner of State Police had sole discretion to investigate and determine guilt of state trooper).[4] By statute our Legislature has also recog-

**3.** Appellees and the court of common pleas incorrectly concluded that appellant waived the claim of partiality. We recognize that this issue may be waived in certain instances, see *Capecci v. Joseph Capecci, Inc.*, 392 Pa. 32, 139 A.2d 563 (1958); *Rosenbaum v. Drucker*, 346 Pa. 434, 31 A.2d 117 (1943), but here, prior to the hearing, appellant was unaware of Anderson's association with the PLCB. Appellant raised the issue at the earliest opportunity after learning of the challenged association, and therefore, properly preserved the issue for review.

**4.** Compare *Amos Treat & Co. v. Securities and Exchange Commission*, 113 U.S.App.D.C. 100, 306 F.2d 260 (1962) (violation of due process where hearing examiner had initiated investigation against party to proceeding) with *R. A. Holman & Co. v. Securities and Exchange Commission*, 366 F.2d 446 (2d Cir. 1966), cert. denied, 389 U.S. 991, 88 S.Ct. 473, 19 L.Ed.2d 482 (1967) (permitting hearing by

nized the importance of impartial arbitrators, allowing parties to challenge the award on grounds of the arbitrator's partiality. Section 10(b) of the Act of April 25, 1927, P.L. 381, 5 P.S. § 170(b) provides:

"In either of the following cases the court shall make an order vacating the award upon the application of any party to the arbitration:

(a) . . .

(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.

(c) . . .

(d) . . ."

See also *Commonwealth Coatings Co. v. Continental Casualty Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968); 11 Standard Pa.Prac. Ch. 49, § 78. This requirement of an impartial arbitrator is even more compelling where, as here, a party contracting with the Commonwealth must consent to arbitration as the method of resolving disputes. See Act of April 25, 1927, P.L. 381, § 16, 5 P.S. § 176; *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 461 Pa. 420, 336 A.2d 609 (1975).[5]

■ On this record we cannot permit the arbitration award entered by Mr. Anderson to stand. Not only was Mr. Anderson intimately associated with the agreement he was to review, Mr. Anderson also disclosed that he had discussed several aspects of this particular case with members of the Board and the Board's counsel. Discussions of this nature, absent the inclusion of counsel for both parties, are highly inappropriate in an adjudicatory proceeding. Compare

person never participating in investigative or prosecutorial stages of case).

5. We note that several courts in circumstances such as those presented here have required that the arbitrator disclose any potential conflict of interest to the parties. See e. g., *Sanko S.S. Co., Ltd. v. Cook Industries, Inc.*, 495 F.2d 1260 (2d Cir. 1973); *Rogers v. Schering Corp.*, 165 F.Supp. 295 (D.C.N.J.1958), aff'd 271 F.2d 266; *Johnston v. Security Insurance Co.*, 6 Cal.App.3d 839, 86 Cal.Rptr. 133 (1970); *DePhillips v. Keystone Insurance Co.*, 58 D. & C.2d 183 (1972).

*Pennsylvania Human Relations Commission v. Feeser*, 469 Pa. 173, 364 A.2d 1324 (1976) (no contact between arbitrator and agency). We must therefore vacate the arbitration award in favor of the PLCB.[6]

Order of the Commonwealth Court reversed and the arbitration award is vacated.

**6.** Appellant also contends that the award was improperly rendered because the hearing officer based his decision on grounds not raised or argued by either party. In light of our disposition, we need not reach the merits of this claim.