Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Holt Hauling and Warehousing Systems, Inc., Appellee.

Argued December 18, 1981, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Kenneth W. Makowski,* Deputy Chief Counsel, with him, *J. Leonard Langan,* Chief Counsel, for appellant.

*Gerald Gornish,* with him *Howard Gittis, Wolf, Block, Schorr and Solis-Cohen,* for appellee.

OPINION BY JUDGE ROGERS, February 11, 1982:

The Pennsylvania Liquor Control Board has appealed from the order of the Court of Common Pleas of Philadelphia County vacating an arbitrator's award in its favor. Holt laid claim against the Pennsylvania Liquor Control Board for monies assertedly due for services performed for the Board under a written contract. As the contract provided, the matter went to arbitration pursuant to the Act of April 25, 1927, P.L. 381, *as amended,* 5 P.S. §161 *et seq.* The arbitrator, a Deputy Attorney General, denied Holt's claims and entered an award in favor of the Liquor Control Board.

We affirm the order below vacating the award on the following pertinent portions of Judge EUGENE GELFAND's opinion:

In connection with the grounds for vacating an award the Arbitration Act of 1927 in Section 10(b) provides as follows:

'In either of the following cases the court shall make an order vacating the award upon the application of any party to the arbitration:

(a) . . .

(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.

(c) . . .

(d) . . .'

Holt claims that since W. William Anderson, the Deputy Attorney General appointed as the arbitrator in this case, approved the contract in his capacity as counsel for the Board, the award should be vacated because of the appearance of unfairness which insinuates partiality.

In Abramovich v. Pennsylvania Liquor Control Board, 496 Pa. 290, 416 A.2d 474 (1980), a case where our Supreme Court reviewed an arbitration award in which Deputy Attorney General William Anderson also served as both counsel to the Board and as arbitrator in the dispute between the Board and the party contracting with same, in dealing with the issue of arbitrator impartiality, the Court stated that '[t]his requirement of an impartial arbitrator is even more compelling where, as here, a party contracting with the Commonwealth must consent to arbitration as the method of resolving disputes.' Id. at 294, 416 A.2d at 477.

Further, our Supreme Court reiterated that in an arbitration hearing, a party is entitled to a 'full and fair hearing' in which procedural due process requires that 'a fair hearing be conducted by one not involved with a party to the proceeding.' Id. at 294, 416 A.2d at 476.

Accordingly, for the reasons above stated, the Supreme Court held that it could not allow the arbitration to stand.

Judge GELFAND failed to mention the Liquor Control Board's contention, here renewed, that Holt had knowledge of Deputy Attorney General Anderson's connections with the Board and therefore waived any contest based on his actual or apparent partiality. Unfortunately, none of the circumstances upon which the Board bases its assertion that Holt had the knowledge ascribed to it, except one, are in the record; and, of course, we cannot reognize facts appearing only in its briefs. The only record fact depended on is that the signature "W. W. Anderson" appeared on the face of the contract within the printed legend "Approved as to Legality, Deputy Attorney General." Standing alone, this is an insubstantial foundation for an ultimate finding that Holt had waived any objection based on partiality. Indeed, the signature was not proved to be that of the arbitrator.

Order affirmed.

### ORDER

AND Now, this 11th day of February, 1982, the order of the Court of Common Pleas of Philadelphia County made December 19, 1980, is affirmed.

Judge PALLADINO did not participate in the decision in this case.