Felix Abramovich, individually and t/a Abrams Storage Company, Appellant v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued October 17, 1984, before Judges ROGERS and CRAIG, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert G. Sable, Lampl, Sable & Makoroff,* for appellant.

*Kenneth W. Makowski,* Assistant Counsel, for appellee.

OPINION BY JUDGE BARBIERI, December 28, 1984:

Felix Abramovich, individually, and trading as Abrams Storage Company (Abramovich), appeals here from a final order of the Court of Common Pleas of Dauphin County confirming the order of the arbitrator who denied Abramovich's request for an adjustment in the rate of payment under his contract with the Pennsylvania Liquor Control Board (Board) to store, handle, and transport liquor and other supplies in northwestern Pennsylvania.

Abramovich's bid, the lowest of several, was calculated by use of wage rates paid for his non-union warehouse labor, subcontracting the transportation responsibilities. Hersch Cold Storage Company (Hersch) which previously held the contract employed union labor. Abramovich was awarded the contract effective June 1, 1975, and ten days after Abramovich began performing under the contract, members of the General Teamsters Union Local No. 397 (Union), who represented Hersch's employees, began picketing

Abramovich's warehouse, preventing the subcontractors with whom Abramovich had contracted to provide transportation services from making deliveries. Abramovich was aware that should he fail to perform under his contract with the Board for more than ten days because of labor problems, the Board would be entitled to recover excess costs above contractual costs incurred in providing alternative services. After consulting his attorney, Roger Fischer, Abramovich entered into an agreement with the Union which provided that he assume the collective bargaining agreement to which Hersch had been a party, and also replaced some of his non-union warehouse employees with union employees.[1] Thereupon, the newly unionized employees refused to load trucks for the non-union transportation employees so that Abramovich entered into an agreement with the truck drivers, also represented by Union and cancelled his contract with his subcontractors. The wages and benefits required to be paid under these union contracts were substantially higher than those Abramovich had provided for in contracting with the Board. Abramovich, relying upon a provision in the contract with the Board which authorized an adjustment of the contractual rate

---

[1] An employer who submits the winning bid for a service previously performed by unionized employees is not immediately obligated to recognize and bargain with the union which represented those employees. *National Labor Relations Board v. Burns International Security Services*, 406 U.S. 272 (1972). A continuity of identity in the business enterprise which would necessarily include a substantial continuity in the identity of the work force is necessary before the obligation to bargain arises. *Howard Johnson Co., v. Detroit Local Joint Executive Board, Hotel and Restaurant Employees*, 417 U.S. 249 (1974). Abramovich did not occupy the same warehouse as Hersch, nor did he hire a majority of Hersch's employees. The only similarity between the two employers is that both Abramovich and Hersch, at different times, had the pleasure of doing business with the Board.

"should there be a *mandatory requirement* for the warehouseman [Abramovich] to change the rate of payment to labor,'"[2] requested an adjustment to cover the labor increases. The Board refused and, pursuant to the applicable provision in the contract, the dispute was referred to the Pennsylvania Attorney General who appointed an arbitrator. The first arbitrator's decision, denying the request, was vacated by the Pennsylvania Supreme Court on the grounds of the arbitrator's partiality.[3] The Attorney General appointed a second arbitrator who also denied the request for adjustment and who refused to open the record to allow Abramovich to submit additional evidence. Abramovich appealed the second arbitrator's determination to the Common Pleas Court of Dauphin County.

We note here that a court's scope of review on appeal from an arbitrator's decision is governed by Section 502(d)(2) of the Uniform Arbitration Act.[4] Upon a thorough review of the record and the relevant case law, we, like the trial court, are of the opinion that Abramovich had alternative courses of action available to him;[5] that, therefore, there was no "mandatory

---

[2] From Paragraph 42 of the contract.

[3] *Abramovich v. Pennsylvania Liquor Control Board*, 490 Pa. 290, 416 A.2d 474 (1980).

[4] Act of October 5, 1980, P.L. 693, 42 Pa. C.S.A. §7302(d)(2), provides:

Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been the verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

[5] Abramovich could have filed an unfair labor practice charge with the National Labor Relations Board or petitioned the district court for appropriate injunctive relief.

528

requirement" that he enter into a collective bargaining agreement with the union.

Accordingly, we will affirm on the able opinion of Judge WARREN G. MORGAN for the Court of Common Pleas of Dauphin County, reported at     Pa. D. & C. 3d     (   ).

ORDER

Now, December 28, 1984, the order of the Court of Common Pleas of Dauphin County, as of No. 3661-1977, dated January 24, 1984, is affirmed.