**Michael S. ANDERSON**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 1999.

Decided Jan. 24, 2000.

**826**

Elaine N. Blass and Timothy P. Wile, Counsel In–Charge, Harrisburg, for appellant.

No appearance entered for appellee.

Before PELLEGRINI, J., FRIEDMAN, J., and RODGERS, Senior Judge.

1. By order of this Court, dated November 23, 1999, Licensee was precluded from filing a

RODGERS, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing, (Department) appeals from orders of the Court of Common Pleas of Allegheny County that granted Michael Scott Anderson's (Licensee) petition to file an appeal *nunc pro tunc* and sustained his appeal from the Department's order suspending his operating privilege for refusing to submit to chemical testing.[1]

By official notice, dated and mailed on August 6, 1998, the Department notified Licensee that as of September 10, 1998, his operating privilege would be suspended as a result of his refusal to submit to a chemical test on July 11, 1998. On September 18, 1998, Licensee filed a petition for allowance of an appeal *nunc pro tunc*. A hearing on the petition was held on September 24, 1998, at which time Licensee's attorney represented to the trial court that Licensee's estranged wife had moved from the residence and had informed postal authorities to forward her mail to her new address. Licensee's attorney further explained to the trial court that although Licensee had not moved and had not notified the Department of an address change, the Department's notice had apparently been forwarded to his wife's new residence. The attorney further asserted that Licensee received the notice from his wife on September 9, 1998. All of the above information was related to the trial court by Licensee's attorney; Licensee himself did not testify.

In opposing Licensee's petition to allow an appeal *nunc pro tunc*, the Department submitted into evidence certified documents, including the notice of suspension and a copy of the DL–26 chemical test refusal form. The Department asserted that it had done all it could do to notify Licensee and that Licensee's attorney admitted that the Department had mailed the notice of suspension to Licensee's last

brief in this matter.

known address. The Department further argued that Licensee had not averred any fraud or breakdown in the administrative process.

By order dated September 24, 1998, the trial court granted Licensee leave to appeal *nunc pro tunc* and stayed his license suspension. Licensee filed his appeal on September 28, 1998, and a hearing on the merits was held before a different trial judge, who sustained Licensee's appeal, by order dated February 18, 1999.

 The Department now appeals to this Court,[2] arguing that Licensee's attorney's allegations presented to the trial court were not competent evidence to support findings that a breakdown of the administrative process occurred. The Department further argues that without such evidence the trial court erred in granting Licensee's request to appeal *nunc pro tunc*, which in turn deprived jurisdiction to the court that heard the statutory appeal on its merits. We agree.

 First, we note that in order to be granted leave to appeal *nunc pro tunc*, Licensee has the burden to prove that his delay in filing his appeal was caused by fraud or a breakdown in the administrative process. *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa. Cmwlth. 514, 462 A.2d 902 (1983). Next, "it is well settled in the law that attorneys' statements or questions at trial are not evidence." *Commonwealth v. LaCava,* 542 Pa. 160, 182, 666 A.2d 221, 231 (1995). *Grover v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 941 (Pa.Cmwlth.1999).

Our review of the record shows that the only evidence before the trial court consisted of the documentation submitted by the Department. Without any other evidence before it, we conclude that the trial court erred as a matter of law in granting Licensee's petition for allowance of appeal *nunc pro tunc.* This decision in turn makes Licensee's statutory appeal untimely and deprives the statutory appeals court of jurisdiction. *Henning v. Department of Transportation, Bureau of Driver Licensing,* 687 A.2d 20 (Pa.Cmwlth.1996).

Accordingly, we reverse the trial court's order granting Licensee's petition for allowance of appeal *nunc pro tunc.* We further vacate the trial court's order sustaining Licensee's appeal and direct that the one year suspension of Licensee's operating privilege be reinstated.

### ORDER

NOW, January 24, 2000, the order of the Court of Common Pleas of Allegheny County granting Licensee's petition for allowance of appeal *nunc pro tunc* is reversed. The order sustaining Licensee's appeal is vacated and the suspension imposed by the Department of Transportation, Bureau of Driver Licensing, is reinstated.

---

2. Our scope of review of a trial court's decision permitting an appeal *nunc pro tunc* is limited to determining whether the trial court committed an error of law or abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Emery,* 135 Pa. Cmwlth. 274, 580 A.2d 909 (1990).