**Robert L. McCREA, Jr.,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 29, 2001.
Decided Aug. 31, 2001.
Reconsideration Denied Nov. 2, 2001.

Terrence M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Paul D. Boas, Pittsburgh, for appellant.

Before PELLEGRINI, LEADBETTER, Judges, and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals the order of the Court of Common Pleas of Allegheny County (trial court) sustaining the appeal of Robert L. McCrea, Jr. from the suspension of his Pennsylvania operator's privileges. The issue raised by the Department on this appeal does not concern the merits of whether the evidence at the trial *de novo* supports the trial court's sustaining McCrea's appeal. Rather, the issue concerns whether the trial court erred by permitting McCrea to appeal the notice of suspension of his Pennsylvania's driving privileges *nunc pro tunc.* We affirm.

By official notice dated February 11, 1999 and mailed to McCrea's last-known Pennsylvania address, the Department informed McCrea that his driving privilege was being suspended for a period of one year because of a refusal to submit to a chemical test on November 16, 1998. On April 29, 1999, 76 days after the notice date, McCrea filed an appeal with the trial court together with a motion for leave to appeal *nunc pro tunc.* This motion alleged the following:

1. That on November 16, 1998, [McCrea] was arrested by Pittsburgh Police and charged with D.U.I.

2. The charges were dismissed at a preliminary hearing on January 6, 1999.

3. [McCrea] has resided in the State of Delaware for the last two years.

4. [McCrea] is a former resident of Philadelphia, Pennsylvania. His Pennsylvania operator's license was 22 361 737. His address in Pennsylvania was 760B N. 49th Street, Philadelphia, PA 19139.

5. When [McCrea] moved to Delaware he followed the appropriate legal procedures by obtaining a Delaware driver's license, at which time he surrendered his Pennsylvania license to the Delaware authorities and was advised that Pennsylvania would be notified of both the surrender of his Pennsylvania license and his new status and address in Delaware.

6. When [McCrea] was arrested, he displayed a valid Delaware driver's license with his current Delaware address. The same address appeared on his criminal complaint.

7. An issue arose regarding a blood test refusal.

8. Counsel advised [McCrea] to look for a notice of suspension from PennDot.

9. Despite the fact that [McCrea]: (a) surrendered his Pennsylvania license and obtained a valid Delaware license when he moved to Delaware (as the law requires), (b) was advised that Delaware would notify Pennsylvania of the new situation, (c) the police, the Commonwealth and PennDOT, following his arrest, knew that [McCrea] lived in Delaware and had a Delaware driver's license and address, PennDOT nevertheless sent the notice of suspension to his old Pennsylvania address, which he never received.

10. [McCrea] only learned of his suspension, which apparently was to go into effect on March 18, 1999 or thereabouts, through his employer who was somehow notified.

11. [McCrea] is filing this motion within days of learning that his license was suspended.

12. Petitioner has a valid defense to the suspension.

Motion for Leave to File Appeal from License Suspension *Nunc Pro Tunc*, pp. 1–2.

The trial court held a hearing on McCrea's motion, but did not entertain testimony. Rather, it entered its ruling following argument of counsel. McCrea's counsel repeated the factual allegations set forth in the motion. The Department's counsel replied that, notwithstanding these allegations, McCrea had a responsibility to notify the Department of any change in address pursuant to Section 1515 of the Vehicle Code, 75 Pa.C.S. § 1515.[1] The trial judge then orally granted McCrea's motion. The Department did not object to the proceedings or insist that McCrea be placed on the stand for cross-examination.

█ Thereafter, a hearing *de novo* was held on McCrea's statutory appeal. Following the taking of evidence, the court sustained the appeal, stating in its opinion that it accepted as credible McCrea's testimony that he never refused to submit to a chemical test and indicated that the testing officer unreasonably recorded a refusal before McCrea's reasonable inquiry was answered. The Department's appeal followed.[2]

The Department raises the following issues: whether the trial court erred by granting McCrea's motion for an appeal *nunc pro tunc* (1) when there was allegedly no evidence offered to support the motion, and (2) when McCrea failed to comply with Section 1515 of the Vehicle Code.

█ The Department first argues that the record is void of evidence supporting the trial court's grant of McCrea's motion for an appeal *nunc pro tunc* because the trial court granted the motion on argument of counsel and did not require testimony supporting that argument. While argument of counsel is not the equivalent of testimony[3], the Department's argument must fail for several reasons. First, the Department did not object to the trial court entering its order based upon a recitation of facts by the attorney and thus, the Department's argument is waived. Pa. R.A.P. 302, 2117(c), and 2119(e); *Knarr v. Erie Insurance Exchange*, 555 Pa. 211, 723 A.2d 664 (1999).

Second, the Department is incorrect in asserting that there are no facts of record supporting the trial court's decision. The Department itself introduced as its Exhibit C–1 a Form DL 26 entitled "Chemical Testing Warnings and Report of Refusal to Submit to Chemical Testing as authorized by Section 1547 of the Vehicle Code." This form was used in the encounter between McCrea and the certified intoxilyzer operator. It clearly lists McCrea's address as being in Delaware and it further indicates that McCrea holds a Delaware driver's license. Therefore, there is evidence of record supporting the allegations that McCrea is a Delaware resident and had applied for and obtained a Delaware operator's license.

1. The provisions of this section and its analysis will be discussed at a later point in this opinion.

2. In a driver's license suspension appeal, this Court's scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion, or whether the trial court's findings of fact are supported by substantial evidence. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

3. *See Anderson v. Department of Transportation, Bureau of Driver Licensing*, 744 A.2d 825 (Pa.Cmwlth.2000).

Delaware law requires that every person desiring to operate a motor vehicle shall, within sixty days of taking up residence in Delaware, obtain a proper Delaware driver's license or face penalties of fine and/or imprisonment. 21 Del.C. § 2704. Further, the Code of Delaware Regulations provides that new residents, when applying for a Delaware driver's license, surrender their former state's license at the time of application. Code Del. Regs. 73 600 084. For all of these reasons, we cannot conclude that the trial court erred or abused its discretion in accepting the undisputed factual recitation of McCrea's attorney.

■ The Department next argues that even if McCrea moved to another state and surrendered his license to the appropriate new state authorities, he was nevertheless required to report his new residence or residences to the Department within fifteen days of relocation pursuant to Section 1515 of the Vehicle Code, notwithstanding any representation from the Delaware authorities that they would notify the Department. The Department argues that an absence of evidence that McCrea supplied such notice nullifies his basis for an appeal *nunc pro tunc*.

Section 1515 provides:

> Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued or when the name of the licensee is changed[,] such person shall, within 15 days thereafter, notify the [D]epartment in writing of the old and new addresses or of such former and new names and of the number of any license then held by the person.

McCrea argues that this section must apply only to Pennsylvania residents, and we must agree. "Driver's license" is defined under Section 102 of the Vehicle Code as a "license or permit to drive a motor vehicle *issued under this title* [Title 75]." 75 Pa.C.S. § 102 (emphasis added). Section 1515 itself is one of twenty general sections devoted to the issuance of Pennsylvania driver's licenses. In its analysis of the Section 1515 requirements, our Supreme Court explained that this section is designed to aid the Department in maintaining accurate records of all licensed drivers in the Commonwealth. *Commonwealth v. Zimmick*, 539 Pa. 548, 653 A.2d 1217 (1995). Therefore, the notification provisions of Section 1515 apply to *holders* of issued Pennsylvania licenses, not nonresident holders of licenses from other states, such as McCrea.

Moreover, a contrary interpretation would simply be absurd. To adopt the Department's interpretation, we would have to hold that once any individual is issued a Pennsylvania license, then that person must report to the Department, within fifteen days, every change of out-of-state residence made in the driving life of that person. Thus, a hypothetical person who once held a Pennsylvania license, and moves to Delaware, must report that change in address to the Department and thereafter report a move to several locations in Maryland, the next residence in Prague, the next residence in Kiev, the next residence in Samarkand, the next residence in Singapore, the briefly-held address on the Aleutian Islands, and finally the last residence in West Virginia. Otherwise, according to the Department, the next time this person is arrested in Pennsylvania on suspicion of drunk driving, the Department may ignore the West Virginia address and operator's license supplied by the individual, as well as the fact that this individual had not be re-registering his or her vehicle and license in Pennsylvania, and mail any notices to the "address of record," that is, the address that happens to be in the computer files of the Depart-

ment at that time, absent evidence that the operator had mailed to the Department notice of his or her move to West Virginia.

We agree with the trial court, that once McCrea surrendered his Pennsylvania license to the Delaware motor vehicle authorities, the licensing provisions of the Vehicle Code, including Section 1515 no longer governed him.[4] Because Section 1515 is inapplicable to individuals who do not hold Pennsylvania driver's licenses, the Department had no basis to send notice to a Pennsylvania address when it was in possession of a current Delaware address obtained by the police and obviously sent to the Department.[5] Therefore, McCrea proved an administrative breakdown supporting the grant of an appeal *nunc pro tunc. See Commonwealth v. Stock,* 545 Pa. 13, 679 A.2d 760 (1996). The Department's mailing of a suspension notice to the wrong address in this instance effectively deprived McCrea of his right and ability to file a timely appeal.

The order of the trial court is affirmed.

### ORDER

AND NOW, this 31st day of August, 2001, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

**4.** The Department argues that the issue is governed by *Department of Transportation, Bureau of Driver Licensing v. Cern,* 145 Pa. Cmwlth. 647, 604 A.2d 1135 (1992). In that case, the Department revoked for five years an operator's license for committing three Pennsylvania traffic offenses. Prior to the third offense, the operator had moved to New Jersey and surrendered his Pennsylvania license. Notice was sent to the old Pennsylvania residence, but the operator's appeal was timely. The issues in *Cern* were whether the Department had the authority to revoke a nonresident's operating privileges in Pennsylvania for offenses committed in Pennsylvania, and whether the operator's surrender of his Pennsylvania license insulated him from the revocation of his Pennsylvania driving privileges. Thus, *Cern* did not address the issue before us, which is whether a nonresident operator has grounds for an appeal *nunc pro tunc* when the Department mails notice to the operator's old Pennsylvania address.

**5.** *See* Department's Exhibit C–1.