IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Mills                                :
                                            :    No.  88 C.D. 2015
            v.                              :
                                            :    Submitted:  June 26, 2015
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing,                 :
                    Appellant               :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  August 4, 2015


            The Department of Transportation, Bureau of Driver Licensing (Department) appeals from the January 8, 2015 order of the Court of Common Pleas of Delaware County (trial court), which sustained the statutory appeal of Justin Mills (Licensee) from the Department's suspension of his driving privilege, effective January 25, 2013.  The Department contends that the trial court erred in granting Licensee's petition to appeal *nunc pro tunc*.  For the reasons that follow, we reverse.

            The Department issued a notice of suspension informing Licensee that his operating privileges were being suspended for 18 months pursuant to section 1547 of the Vehicle Code, 75 Pa.C.S. §1547, for refusing to submit to chemical testing on May 26, 2012.  (Reproduced Record (R.R.) at 52a-53a.)  The notice bore a mail date

of June 20, 2012, and Licensee's correct address, 106 Woodland Way, Millsboro, Delaware.

On July 1, 2014, Licensee filed a petition to appeal his suspension *nunc pro tunc*. (R.R. at 8a-9a.) Licensee alleged in the petition that he never received the June 20, 2012 notice from the Department. Rather, Licensee asserted that he first learned of the suspension for a refusal to submit to chemical testing in May 2014, when he contacted the Department to inquire about the time remaining on the suspension of his license for other offenses, specifically, a May 23, 2012 violation of section 3802(d) of the Vehicle Code, 75 Pa.C.S. §3802(d) (driving under the influence of a controlled substance), and a May 26, 2012 violation of section 1543 of the Vehicle Code, 75 Pa.C.S §1543 (driving while operating privilege is suspended). (R.R. at 8a.) Licensee asserted that the Department's failure to properly notify him of the suspension constituted a material breakdown in administrative operations sufficient to justify an appeal *nunc pro tunc*. (Petition, ¶¶3, 4, 7-9, R.R. at 8a-9a.)

The trial court held a hearing on September 2, 2014. Initially, the Department's attorney, Joanne Faul, Esquire, incorrectly stated that the Department sent Licensee notice on *September 26, 2012*, informing him that his license was being suspended pursuant to section 1547 of the Vehicle Code for refusing to submit to chemical testing on May 26, 2012. The Department then submitted into evidence a packet of certified documents. (R.R. at 44a-64a.) The documents included two notices of suspension dated September 26, 2012, one for the May 23, 2012 violation of section 3802(d) of the Vehicle Code and another for the May 26, 2012 violation of section 1543 of the Vehicle Code.[1] The June 20, 2012 notice at issue here for

---

[1] Both of the September 26, 2012 notices were addressed to Licensee at 106 Woodland Way, Willsboro, Delaware. (R.R. at 45a-51a.).

2

refusing chemical testing also was included, as was a December 21, 2011 suspension notice sent to Licensee at 731 Colwell Road, Swarthmore, Pennsylvania, for a prior violation of section 3802(d). (R.R. at 25a, 52a-53a, 55a-56a.)

Licensee's attorney, Michael Burns, Esquire (Counsel), first stated that Licensee "had pled guilty to a Second Offense DUI . . . . And . . . the nature of the charge was the drugs. So, there was no refusal that was even possible. He had to have had blood drawn at that time."[2] (R.R. at 26a.) Counsel noted that Licensee is a Delaware-licensed driver and has never been licensed in Pennsylvania. (*Id.*)

According to Counsel, Licensee contacted the Department sometime in 2014 regarding his other suspensions and discovered that the suspension period was 18 months longer than he expected due to an additional suspension for refusal to submit to chemical testing. Counsel added that he personally contacted the Department, asked where notice of the section 1547 suspension had been sent, and was told that it had been sent to the 731 Colwell Road, Swarthmore, Pennsylvania address. Counsel stated that he asked for proof of mailing but did not receive anything. However, Counsel acknowledged that the June 20, 2012 notice submitted at the hearing reflected Licensee's correct address in Millsboro, Delaware. (R.R. at 26a-27a.)

The trial court asked if the Department had anything to add, and the following exchange occurred:

---

[2] The "Second Offense DUI" occurred on May 23, 2012, (R.R. at 51a); the violation of section 1547 (refusal of testing) occurred on May 26, 2012. (R.R. at 47a.) *See* Department Exhibit number 6, a form DL-26, dated May 26, 2012, which sets forth Licensee's correct name, address, date of birth, and driver's license number and an illegible signature where "Signature of Operator" is requested. (R.R. at 54a.)

[Attorney Faul]: Will there be any evidence being presented by [Licensee], Your Honor?

[Trial court]: Other than [Counsel's] testimony that . . .

[Attorney Faul]: Was – testimony? Do I get to cross examine?

[Trial court]: I mean [Counsel's] representation . . .

* * *

[Attorney Faul]: Your Honor, I thought that was opening argument. I'm going to object to anything that [Counsel] is relaying to the Court as far as hearsay, as far as anything anybody from [the Department] told him. . . . And I believe it is [Licensee's] burden to establish, through testimony and evidence, that [he] is entitled to *nunc pro tunc* relief.

(R.R. at 28a-29a.)

The trial court then asked how Licensee would receive notice if it was sent to the Pennsylvania address, and Attorney Faul responded that the notice was sent to the Millsboro, Delaware address, as reflected by the Department's documentation. Counsel interjected that he had been informed by the Department that the notice was sent to a different address. (R.R. at 29a-30a.) The exchanges continued:

[Trial court]: Here it is. 731 Colwell Road, Swarthmore.

[Counsel]: There you go, that's what it was.

[Attorney Faul]: Where?

[Trial court]: In your exhibit. I'm looking at it. Was that the address you were given?

[Counsel]: Yes, Your Honor. Thank you for refreshing my memory.

4

[Trial court]:  Number seven.[3]

[Attorney Faul]:  And then it was resent, Your Honor, on June 20 of 2012 to 106 Woodland Way, Delaware and that's [exhibit number] 5.  I'm sorry, Your Honor, that looks like it's a different refusal.[4]

[Counsel]:  Yeah, that was the issue, Your Honor.  And that was the reason for the nunc – otherwise it would have been timely filed, because there are certainly facts that would dispute the refusal in and of itself.

[Trial court]:  I think you're right, [Counsel], because they're two different letters.

[Attorney Faul]:  **They are, Your Honor, because they're from two different refusals**.

[Trial court]:  I'm going to grant your petition, [Counsel].

[Counsel]:  Thank you, Your Honor.

[Attorney Faul]:  There will be no testimony from [Licensee], Your Honor, about his address or where he lived?

[Trial court]:  **No, I'm using the [Department's] evidence.**

(R.R. at 30a-32a) (emphasis added.)  The trial court noted the 30-day appeal period and concluded the hearing.  That same day, the trial court entered an order granting Licensee's petition to appeal *nunc pro tunc*.

---

[3] Exhibit No. 7 is the December 21, 2011 suspension notice.  (R.R. at 55a.)

[4] Exhibit No. 5 is the June 20, 2012 notice.  (R.R. at 52a.)

Thereafter, because a police officer did not attend two scheduled hearings, a different trial judge granted Licensee's statutory appeal and rescinded his license suspension. (Trial court op. at 1-2.)

The Department now appeals to this Court,[5] asserting that the trial court abused its discretion in granting Licensee *nunc pro tunc* relief because Licensee failed to meet his burden of proving that his untimely filing was due to fraud or a breakdown in the administrative process.

A licensee must file an appeal within 30 days after a suspension notice is mailed. Sections 5571(b) and 5572 of the Judicial Code, 42 Pa.C.S. §§5571(b), 5572. A statutory appeal period is mandatory and may not be extended as a matter of grace or mere indulgence. *Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 583 (Pa. 2000). An appeal *nunc pro tunc* may be permitted only where a delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, such as where the Department mails a suspension notice to an incorrect address, or non-negligent circumstances related to an appellant, his counsel, or a third party. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996); *Ercolani v. Commonwealth*, 922 A.2d 1034, 1037 (Pa. Cmwlth. 2007); *McCrea v. Department of Transportation*, 783 A.2d 380, 384 (Pa. Cmwlth. 2001). In addition, the appellant must establish that: (1) the appeal was filed within a short period of time after learning of and having an opportunity to address the

---

[5] Our scope of review of a trial court's decision permitting an appeal *nunc pro tunc* is limited to determining whether the trial court committed an error of law or abused its discretion. *Anderson v. Department of Transportation, Bureau of Driver Licensing*, 744 A.2d 825, 827 n.2 (Pa. Cmwlth. 2000).

untimeliness; (2) the elapsed time period is of very short duration; and (3) the appellee has not been prejudiced by the delay. *Cook*, 671 A.2d at 1132. The burden of establishing a basis for permitting an appeal *nunc pro tunc* is on the licensee. *Anderson v. Department of Transportation, Bureau of Driver Licensing*, 744 A.2d 825 (Pa. Cmwlth. 2000).

Here, Licensee appealed a suspension notice with a mail date of June 20, 2012. Under the mailbox rule, proof of mailing raises a rebuttable presumption that the mailed item was received. *Department of Transportation, Bureau of Driver Licensing v. Grasse*, 606 A.2d 544, 546 (Pa. Cmwlth. 1991). The Department's certified copy of the notice, bearing a mailing date of June 20, 2012, raised a rebuttable presumption that Licensee received notice that his license was being suspended for refusing to submit to chemical testing. (R.R. at 52a-53a.) *Department of Transportation, Bureau of Traffic Safety v. Warenczuk*, 636 A.2d 1225, 1226 (Pa. Cmwlth. 1991). "Further, the Department's certification of a driving record showing that notice was given is competent to establish that notice was sent." *Grasse*, 606 A.2d at 545-46. Importantly, Counsel acknowledged that the June 20, 2012 notice contained Licensee's correct address.[6] (R.R. at 27a.)

Licensee offered no evidence to demonstrate that the delay in filing his appeal was caused by fraud or a breakdown in the administrative process to support his petition. It is well settled that an attorney's statements cannot be considered as evidence. *Anderson v. Department of Transportation, Bureau of Driver Licensing*, 744 A.2d 825, 827 (Pa. Cmwlth. 2000). Moreover, even if it was competent

---

[6] "An attorney is the agent of his client and, as such, acts he performs and statements he makes within the scope of his employment and authority are binding on his client." *Walck v. Department of Transportation, Bureau of Driver Licensing*, 625 A.2d 1276, 1279 (Pa. Cmwlth. 1993).

testimony, Counsel's complaint that he was given incorrect information when he called in May 2014 had no bearing on Licensee's failure to appeal from a suspension that had been issued two years earlier. We also note that Licensee did not file his petition to proceed *nunc pro tunc* until July 1, 2014, at least one month after learning of the suspension.

We are cognizant that when an appellant asserts that non-negligent circumstances caused an untimely appeal, due process generally requires a court to conduct an evidentiary hearing to allow the appellant an opportunity to prove the existence of those circumstances. *City of Philadelphia v. Trill*, 906 A.2d 663, 666 (Pa. Cmwlth. 2006). The essential elements of due process are notice and the opportunity to be heard in a full and fair hearing before an impartial decision-maker. *Abramovich v. Pennsylvania Liquor Control Board*, 416 A.2d 474, 476 (Pa. 1980). Licensee does not dispute that these elements were satisfied, nor does he suggest that the development of any additional facts would lend further support to his position.

Instead, in response to the Department's arguments, Licensee asserts that the trial court properly relied on the Department's own records to establish his right to a *nunc pro tunc* appeal. Licensee cites the trial court's references to the evidence but, like the trial court, mischaracterizes the documents at issue. Exhibit number 7, bearing the Swarthmore, Pennsylvania address, is a December 21, 2011 notice of suspension resulting from Licensee's "conviction of violating Section 3802D of the Vehicle Code DUI CONTROLLED SUBSTANCES on 06/09/2011." (R.R. at 55a.) Exhibit number 5, the document referenced by Attorney Faul, is a June 20, 2012 notice which bears Licensee's Millsboro, Delaware address and identifies Licensee's "violation of Section 1547 of the Vehicle Code, CHEMICAL TEST REFUSAL, on 05/26/2012." (R.R. at 52a.) Although the verbal exchanges of record do not

8

exemplify clarity, the Department submitted certified documents that on their face set forth the relevant facts.

In sum, Licensee alleged in his petition that his untimely appeal was caused by the Department's failure to provide him proper notice of the section 1547 suspension, a material breakdown in the administrative process justifying the allowance of a *nunc pro tunc* appeal. (R.R. at 9a.) However, Licensee offered no competent evidence in support of those allegations, and, in fact, acknowledged that the June 20, 2012 suspension notice – the only document at issue in this case – reflected his correct address. Whether or not the trial court misconstrued Counsel's statements as evidence, the trial court erred in failing to recognize the presumption of receipt created by the Department's evidence. Licensee bore the burden of demonstrating that non-negligent circumstances caused the delay in filing his appeal, and his mere assertion that the suspension notice was not received, without corroboration, is insufficient to overcome the presumption of receipt. *Donegal Mutual Insurance Co. v. Insurance Department*, 719 A.2d 825, 827 (Pa. Cmwlth. 1998).

Accordingly, we reverse the trial court's order permitting a *nunc pro tunc* appeal and reinstate the license suspension imposed by the Department under section 1547 of the Vehicle Code, as set forth in the notice of suspension dated June 20, 2012.

_____
PATRICIA A. McCULLOUGH, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Mills                                              :
                                                         :    No. 88 C.D. 2015
                    v.                                    :
                                                         :
Commonwealth of Pennsylvania,                            :
Department of Transportation,                            :
Bureau of Driver Licensing,                              :
                    Appellant                            :

## ***ORDER***

AND NOW, this 4th day of August, 2015, the January 8, 2015 order of the Court of Common Pleas of Delaware County  is reversed.

_____
PATRICIA A. McCULLOUGH, Judge