IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick J. Doheny, Jr.,                         :
                          Appellant             :
                                                :
          v.                                    :
                                                :
Commonwealth of Pennsylvania,                   :
Department of Transportation,                   :
Bureau of Driver Licensing                      :        No. 2019 C.D. 2014

# O R D E R

NOW, February 17, 2016, upon consideration of Appellant's applications for reargument and reconsideration in the above-captioned matter, the application for reargument is denied and the application for reconsideration is granted, in part.

The opinion and order filed December 23, 2015 are withdrawn.

The attached opinion and order are entered which contain a revised footnote number 8.

Appellant's operating privilege suspension is STAYED for thirty (30) days.

                                        _____
                                        MARY HANNAH LEAVITT,
                                        President Judge

Patrick J. Doheny, Jr., : 
           : 
              Appellant : 
           : 
            v. : No. 2019 C.D. 2014
           : 
Commonwealth of Pennsylvania, : Argued: November 16, 2015
Department of Transportation, : 
Bureau of Driver Licensing : 

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**         **FILED: February 17, 2016**

Patrick J. Doheny, Jr. (Licensee), an attorney representing himself, appeals from an October 17, 2014 Order of the Court of Common Pleas of Allegheny County (trial court) dismissing Licensee's appeal of the one-year suspension, pursuant to Section 3804(e)(2)(i) of the Vehicle Code,[1] of his operating privilege,

---

[1] 75 Pa. C.S. § 3804(e)(2)(i). Section 3804(e) provides, in relevant part, as follows:

(e) Suspension of operating privileges upon conviction.--

    (1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

*(Continued…)*

effective August 7, 2014, as a result of his conviction for violating Section 3802(b) of the Vehicle Code[2] prohibiting driving under the influence – high rate of alcohol (DUI).  Because we conclude that Licensee's appeal to the trial court was untimely and that the trial court erred in granting Licensee allowance to appeal *nunc pro tunc*, we vacate the trial court's Order and reinstate Licensee's operating privilege suspension.

On January 23, 2013, Licensee was convicted of two violations of the Vehicle Code arising out of a motor vehicle accident:  (1) aggravated assault by vehicle while driving under the influence (AA-DUI), a violation of Section 3735.1

---

(i) an offense under section 3802; or
(ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under Article III of the compact in section 1581 (relating to Driver's License Compact).

(2) Suspension under paragraph (1) shall be in accordance with the following:
(i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

75 Pa. C.S. § 3804(e).

[2] 75 Pa. C.S. § 3802(b).  Section 3802(b) provides as follows:

(b) High rate of alcohol.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

Id.

of the Vehicle Code[3]; and (2) DUI, a violation of Section 3802(b) of the Vehicle Code. The Department of Transportation, Bureau of Driver Licensing (Department), subsequently sent Licensee two separate notices imposing two separate one-year suspensions of Licensee's operating privilege. Both notices listed a mailing date of July 3, 2013. According to the first notice, the Department suspended Licensee's operating privilege for one-year, effective August 7, 2013, pursuant to Section 1532(a) of the Vehicle Code,[4] as a result of Licensee's conviction for AA-DUI.[5] (AA-DUI Suspension Notice, S.R.R. at 6b.) The second notice stated that Licensee's operating privilege was suspended for one year, effective August 7, 2014, as a result of his DUI conviction. (DUI Suspension

---

[3] 75 Pa. C.S. § 3735.1. Section 3735.1 provides as follows:

**(a) Offense defined.--**Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

Id.

[4] 75 Pa. C.S. § 1532(a). Section 1532(a) provides, in relevant part:

**(a) One-year suspension.--**The department shall suspend the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on . . .
. . . .
    (3) Any violation of . . . Section 3735.1(relating to aggravated assault by vehicle while driving under the influence).

Id.

[5] Licensee did not appeal the one-year suspension of his operating privilege imposed as a result of his AA-DUI conviction to the trial court.

Notice, S.R.R. at 2b.) The second notice further stated that "[t]his suspension is in addition to any other suspensions already on your record." (DUI Suspension Notice 2, S.R.R. at 2b.)

On September 17, 2013, Licensee filed a Petition to File Appeal *Nunc Pro Tunc* (Petition) with the trial court. The Petition states that Licensee's appeal was not timely filed because Licensee received the two suspension notices on the same day and "[I]t was not clear that [his] license was being suspended for two years, as opposed to one until subsequent restoration letter [was] received." (Petition, C.R. at Item 2.) A hearing on the Petition was held before the trial court on September 26, 2013. The entire transcript of the proceeding reads as follows.

> THE CLERK: [Calling the case number]. This is a *nunc pro tunc* request.
>
> [COUNSEL FOR THE DEPARTMENT]: [Licensee] is seeking leave to file a late appeal from a one-year suspension of his driving privileges due to his conviction for an ungraded misdemeanor violation of Section 3802(b) of the Vehicle Code, which is driving under the influence with a high BAC. Mainly, a BAC of at least .01, but less than .16 and/or seeking a late appeal of a one-year suspension for a violation of [Section] 3735.1 of the Vehicle Code, which is aggravated assault by a vehicle while driving under the influence.
> The dates of these offenses are the same. They arose out of a single episode.
>
> THE COURT: But each are a consecutive one year[?]
>
> [COUNSEL FOR THE DEPARTMENT]: The statute requires that they run consecutively. And, in fact, I will hand up the documents and the Court will note . . . [the two suspension notices] both identify separate sections of the Vehicle Code that [Licensee] was convicted of. And they also indicate different effective dates. The aggravated assault by vehicle while DUI indicates an effective date of [. . .] August 7, 2013.

The notice of the one-year suspension for the DUI conviction indicates an effective date of August 7, 2014.

[Licensee]'s confusion is that these were to run concurrently for him receiving a single suspension for these two offenses due to his inability to pick up on the fact that there were two different effective dates.

THE COURT: So, your reason for asking for a *nunc pro tunc* order to file is that you were confused. You wouldn't have appealed if it was one year and now you learned that it was two, is that correct?

[LICENSEE]: Correct, Your Honor. I do not contest that I'm subject to a one-year suspension. That was certainly part of my sentencing.

THE COURT: The certification marked as Exhibit 1 is admitted. Anything else?

[LICENSEE]: No, Your Honor.

[COUNSEL FOR THE DEPARTMENT]: No, Your Honor.

THE COURT: I will grant it.

(Hearing concludes).

(Hr'g Tr. at 2-4, September 26, 2013, S.R.R. at 22b-24b.) Licensee then filed his statutory appeal challenging his operating privilege suspension related to his DUI conviction with the trial court on the same day. After a hearing on the merits, the trial court dismissed Licensee's appeal[6] and this appeal followed.

The first issue before this Court is whether the trial court erred or abused its discretion by granting Licensee's Petition and permitting him to appeal, *nunc pro*

---

[6] The trial court rejected Licensee's argument that the operating privilege suspensions arising out of his two criminal convictions merged into a single one-year suspension.

5

*tunc*, the one-year suspension of his operating privilege.[7] The Department argues that Licensee did not present any competent evidence to prove that the *46 day delay* in filing the appeal of his suspension was due to fraud or an administrative or judicial breakdown. In response, Licensee asserts that the trial court did not err or abuse its discretion because the Department never raised any objection before, during, or after the trial court's grant of *nunc pro tunc* relief and, in fact, consented to the granting of *nunc pro tunc* relief in the hearing by making his case for him. Licensee asserts that he would have given the trial court additional reasons warranting the grant of *nunc pro tunc* relief if the Department had not spoken for him during the hearing. Licensee further contends that because precedent from this Court made it clear at the time his operating privilege was suspended in July 2013 that he should have received only one suspension, and the Department was aware of this precedent, the Department's imposition of two consecutive suspensions constituted a fraud upon Licensee and justified *nunc pro tunc* relief.

Initially, we note that a trial court's grant of a petition to file an appeal *nunc pro tunc* is a question of jurisdiction that cannot be waived. <u>Department of Transportation, Bureau of Driver Licensing v. Kruc</u>, 557 A.2d 443, 445 (Pa. Cmwlth. 1989). The fact that the Department did not vigorously oppose Licensee's Petition, or appears to have consented to the Petition, does not provide the basis for jurisdiction. <u>See</u> <u>Mastrocola v. Southeastern Pennsylvania</u>

---

[7] Our scope of review of a trial court's decision permitting an appeal *nunc pro tunc* is limited to determining whether the trial court committed an error of law or abused its discretion. <u>Anderson v. Department of Transportation, Bureau of Driver Licensing</u>, 744 A.2d 825, 827 n.2 (Pa. Cmwlth. 2000).

Transportation Authority, 941 A.2d 81, 88 (Pa. Cmwlth. 2008) (stating that "parties [cannot] confer subject matter jurisdiction on a court or tribunal by agreement or stipulation").

Section 1550(a) of the Vehicle Code provides:

> Any person who has been denied a driver's license, whose driver's license has been canceled, whose commercial driver's license designation has been removed or whose operating privilege has been recalled, suspended, revoked or disqualified by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

75 Pa. C.S. § 1550(a). The relevant section of Title 42, Section 5571(b) of the Judicial Code, states that "an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken . . . ." 42 Pa. C.S. § 5571(b). Further, Section 5572 of the Judicial Code provides that the "date of mailing if service is by mail, shall be deemed to be the date of entry of the order." 42 Pa. C.S. § 5572. We have interpreted these provisions as requiring a licensee to file an appeal within thirty days of the date on which the Department mails notice of the suspension. See McGraw v. Department of Transportation, Bureau of Traffic Safety, 552 A.2d 1165, 1166 (Pa. Cmwlth. 1989) (stating that "[i]f an appeal is not filed within the statutorily mandated period of thirty days, the court has no jurisdiction to hear the appeal of the suspension").

7

Here, the Department's two suspension notices had a mailing date of July 3, 2013. Licensee filed his Petition on September 17, 2013, far beyond the thirty-day appeal period. When a party has not filed a timely notice of appeal, a court hearing the matter on appeal "may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances." Criss v. Wise, 781 A.2d 1156, 1159 (Pa. 2001). A licensee seeking allowance of appeal *nunc pro tunc* "has the burden to prove that his delay in filing his appeal was caused by fraud or a breakdown in the administrative process." Anderson v. Department of Transportation, Bureau of Driver Licensing, 744 A.2d 825, 827 (Pa. Cmwlth. 2000). Courts have also granted allowance of appeal *nunc pro tunc* when the delay is due to non-negligent circumstances. Schofield v. Department of Transportation, Bureau of Driver Licensing, 828 A.2d 510, 512 (Pa. Cmwlth. 2003). Yet, such "non-negligent circumstances is limited to unique and compelling cases in which an appellant has clearly established that he attempted to file an appeal but was precluded from doing so due to unforeseeable and unavoidable events." Id.

A review of the September 26, 2013 hearing transcript and Licensee's Petition shows that Licensee did not meet his burden to justify allowance of appeal *nunc pro tunc*. Although we find it peculiar that it was the Department who summarized the Petition at the hearing when it was Licensee's burden to justify *nunc pro tunc* relief, Licensee did not take the opportunity afforded to him to provide additional argument on his Petition. The only justification raised by Licensee in his Petition and at the hearing to explain the delay in filing his appeal, was that Licensee was confused and did not understand that the Department imposed two suspensions of his operating privilege because both notices were

8

received on the same day. Additionally, the trial court asked Licensee if he had anything to add prior to granting the Petition, to which Licensee responded "No."[8] (Hr'g Tr. at 3-4, S.R.R. at 23b-24b.) As such, it appears that Licensee was given the opportunity during the hearing to provide additional reasons as to why he believed he was entitled to *nunc pro tunc* relief which he did not utilize.

A misunderstanding rooted in a licensee's failure to read a suspension notice carefully is not a basis for allowing an appeal *nunc pro tunc* and the record does not contain any evidence showing either extraordinary or non-negligent circumstances. If Licensee acted with reasonable diligence and read the notices carefully he would have realized that he received two one-year suspensions that were to run consecutively. Consequently, we must conclude that the trial court erred in allowing the *nunc pro tunc* appeal.

Having concluded that the trial court erred by granting Licensee's Petition, we must forgo consideration of the merits of Licensee's appeal. Consequently, the

---

[8] Licensee also argues in his brief that the Department defrauded him by imposing two suspensions when the law at the time only required one suspension. Licensee did not put evidence into the record on which we could find that the Department acted fraudulently by issuing the license suspensions. Anderson v. Department of Transportation, Bureau of Driver Licensing, 744 A.2d 825, 827 (Pa. Cmwlth. 2000). Licensee argued at oral argument that he would have discussed fraud at the trial court hearing if he was given the opportunity to do so. The record shows that Licensee was given the opportunity to raise any issue or argument prior to the trial court ending the hearing, which he declined, and therefore the record contains no evidence of fraud.

9

trial court's Order is vacated and Licensee's one-year suspension of his operating privilege is reinstated.

_____
**RENÉE COHN JUBELIRER, Judge**

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick J. Doheny, Jr.,                            :
                                                   :
                          Appellant                :
                                                   :
             v.                                    :     No. 2019 C.D. 2014
                                                   :
Commonwealth of Pennsylvania,                      :
Department of Transportation,                      :
Bureau of Driver Licensing                         :

# **O R D E R**

    **NOW**, February 17, 2016, the October 17, 2014 Order of the Court of Common Pleas of Allegheny County, entered in the above-captioned matter, is **VACATED** and Patrick J. Doheny, Jr.'s operating privilege suspension is **REINSTATED.**

 

                                    _____

                                      **RENÉE COHN JUBELIRER, Judge**